**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Steven C. Berman,** OSB No. 951769
Email: sberman@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Michael A. Caddell** (to be admitted *pro hac vice*)
Email: mac@caddellchapman.com
**Cynthia B. Chapman** (to be admitted *pro hac vice*)
Email: cbc@caddellchapman.com
**John B. Scofield, Jr.** (to be admitted *pro hac vice*)
Email: jbs@caddellchapman.com
**Amy E. Tabor** (to be admitted *pro hac vice*)
Email: aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD LEE SMITH, JR., individually and on behalf of persons similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BIG PICTURE LOANS, LLC, MATT MARTORELLO, ASCENSION TECHNOLOGIES, LLC f/k/a BELLICOSE CAPITAL, LLC,<br><br>        Defendants. | Case No. 3:18-cv-01651<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

{SSBLS Main Documents/9041/001/00736760-1 }
Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

COMES NOW Plaintiff, Richard Lee Smith, Jr. ("Plaintiff"), on behalf of himself and all individuals similarly situated, by counsel, and for his Class Action Complaint against Defendants, Big Picture Loans, LLC, Matt Martorello, and Ascension Technologies, LLC f/k/a Bellicose Capital, LLC, (collectively "Defendants"), he alleges as follows:

## INTRODUCTION

1.    This case involves the online payday lending industry[1], which takes advantage of desperate Americans needing quick access to money by charging unconscionably high interest rates, often exceeding 500%. Payday lenders, such as Big Picture Loans, LLC, claim that they are above the law because they are supposedly wholly-owned by a Native American tribe. However, lurking in the shadows, there is a complicated corporate management structure attempting to hide the fact that non-tribal members reap the overwhelming majority of the profits. The purpose of this litigation is to shed light on this criminal enterprise that was established with the intent of evading state lending laws, to return the illegal gains to the exploited borrowers, to obtain statutory damages in accordance with Oregon and federal law, and to enjoin the Defendants from continuing their illegal practices with Oregon borrowers.

---

[1] The term "payday loan" is generally recognized as a loan of short duration, typically two weeks coinciding with the borrower's next payday, at a high rate of interest. ORS 725A.010(5) (defining a payday loan as a loan of less than 60 days or a loan in which the lender may demand payment within 60 days). Similarly, an installment loan is a small-dollar consumer loan with terms that allow for the repayment of the debt over a period of months, generally with bi-weekly or monthly payment terms. Plaintiff may refer to the loans and lending practices at issue in this litigation as "payday loans" or "payday lending," even though the loans to Plaintiff and members of the Class may be more accurately defined as installment loans. Regardless of whether the term "payday loan" or "installment loan" is used hereafter, the lending practices at issue pertain to loans of $5,000 or less made to Oregon borrowers at interest rates that exceed the greater of 12 percent or five percent in excess of the discount rate on 90-day commercial paper ("the legal rate of interest"). ORS 82.010 and 725.045.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

2.      Attempting to insulate themselves from legal liability for their usurious lending practices, Defendants established what is commonly referred to as a "rent-a-tribe" business model, where a lender associates with a Native American tribe in an attempt to cloak itself in the privileges and immunities enjoyed by the tribe—or to at least create the illusion that it enjoys tribal immunity.

3.      In this instance, Defendant Matt Martorello used the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") to set up a lending entity supposedly beyond the reach of state and federal licensing and lending laws. Under the rent-a-tribe model, Defendants made high-interest loans in the name of Big Picture Loans, LLC ("Big Picture Loans"), which claims to be owned and operated by the Tribe. In reality, Martorello's company, Bellicose Capital, LLC ("Bellicose Capital"), funded the loans, controlled the underwriting, and handled the day-to-day operations of the business.

4.      Big Picture Loans served as a front to disguise Martorello's and his company's roles and to ostensibly shield the scheme by exploiting tribal sovereign immunity. In return for the use of its name to exploit claims of tribal sovereign immunity, the Tribe received about two percent (2%) of the revenue from the loans.[2]

5.      In approximately January 2016, Ascension Technologies, LLC ("Ascension Technologies") acquired Bellicose Capital. Like Big Picture Loans, Ascension Technologies claims to be owned and operated by the Tribe.[3] Despite the alleged tribal ownership, Ascension

---

[2] Zeke Faux, Payday Lenders are Changing the Game Ahead of a U.S. Crackdown, Bloomberg (Feb. 4, 2016) ("Bellicose has collected tens of millions of dollars, with the tribe keeping about 2 percent of the revenue…."). https://bloomberg.com/news/articles/2016-02-04/payday-lenders-are-changing-the-game-ahead-of-a-u-s-crackdown (last visited September 10, 2018).

[3] This lawsuit challenges Big Picture Loans' and Ascension Technologies' anticipated claim that they are an "arm of the Tribe" and thus entitled to the protection of sovereign immunity. Although the doctrine of tribal sovereign immunity may protect the Tribe itself, such tribal sovereignty does not automatically extend to economic subdivisions of a tribe; the Court must determine whether these entities are "analogous to a governmental agency, which should benefit from sovereign

{SSBLS Main Documents/9041/001/00736760-1 }
Page 3 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Technologies continues to conduct its business off of the tribal reservation and generate massive profits for Martorello. In fact, Ascension Technologies conducts a significant amount of its illegal operations at its corporate offices in Atlanta, Georgia. On information and belief, at all times relevant to this litigation, the Tribe has had <u>no direct control</u> over the income, expenses, or day-to-day operations of Big Picture Loans, Bellicose Capital, or Ascension Technologies. Further, on information and belief, the Tribe does not fund the loans or handle the servicing or collection of the loans.

6.    From his residence in Washington County, Oregon, Plaintiff, Richard Smith, received short-term installment loans. Through online application and confirmation by telephone, Mr. Smith obtained a $1,500 loan from Big Picture Loans with bi-weekly payments of $337.91. Big Picture representatives did not tell Mr. Smith that the interest rate for his loan would exceed 527%. Mr. Smith was not given the opportunity to consider Big Picture Loans' agreement and was not informed that it would attempt to set aside his rights under Oregon law.

7.    Plaintiff asserts a class claim for Defendants' violations of Oregon's lending statutes. Under Oregon law, a lender must be licensed to make a loan of $50,000 or less, unless

---

immunity" or whether they are more like a "commercial business enterprise, instituted for the purpose of generating profits for [their] private owners." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1184 (10th Cir. 2010) (citation omitted). Whether an entity is entitled to sovereign immunity as an "arm of the Tribe" turns on several factors, including (1) the method of creation of the entity, (2) its purpose, (3) its structure, ownership, and management, including the amount of control the tribe has over the entity, (4) the tribe's intent with respect to the sharing of its sovereign immunity, and (5) the financial relationship between the tribe and the entity. *U.S., ex rel. Cain v. Salish Kootenai College, Inc.,* 862 F.3d 939, 944 (9th Cir. 2017) (internal quotations and citations omitted). In addition to the analysis in this Complaint concerning the creation, purpose, and business structure of Big Picture Loans and Ascension Technologies, these companies are not entitled to sovereign immunity because the conduct at issue occurred outside of the reservation boundaries; the vast majority of the profits from the scheme went to non-tribal participants; the companies are not wholly owned, operated, and/or controlled by the Tribe; and the companies were established for the sole purpose of evading state usury laws. Further, extending the protections of tribal immunity to Defendants' scheme would not serve the policies underlying tribal sovereign immunity.

{SSBLS Main Documents/9041/001/00736760-1 }
Page 4 -    **CLASS ACTION ALLEGATION COMPLAINT**

the annual interest rate does not exceed the greater of 12 percent or five percent in excess of the discount rate on 90-day commercial paper ("the legal rate of interest"). ORS 82.010 and 725.045; *see also* ORS 725A.020(2) (license requirement for payday loan). Any loan made without the requisite license is void, and the lender has no right to collect, receive or retain any principal or interest. ORS 725.045(1)(b). In a judgment entered against the Defendants jointly and severally, the Court should order that the debts at issue are void and that Defendants must repay the principal and interest to the borrowers arising out of Defendants' loan transactions.

8.    Defendants' conduct, as alleged herein, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Defendants acted in concert and conspired with others to repeatedly violate state lending statutes resulting in the collection of an unlawful debt from Plaintiff and the Class members. In violation of the statute, Defendants sought to collect, and did collect on usurious, "unlawful debts" under 18 U.S.C. § 1961(6), specifically Defendants collected debts incurred in "the business of lending money" where the "usurious rate is at least twice the enforceable rate" under state or federal law. Defendants' acts described herein are unlawful as set forth in 18 U.S.C. § 1962.

9.    In the alternative, Plaintiff also asserts a class claim for Defendants' unjust enrichment. Defendants were unjustly enriched by their receipt of any payments on the void and uncollectable loans. It would be inequitable for the Defendants to accept or retain the benefit conferred by their unlicensed and usurious lending scheme, namely the collection on illegal loans. Under this alternative theory of recovery, Plaintiff further seeks injunctive and/or declaratory relief in the form of debt forgiveness on all pending and future loans with Oregon borrowers. Plaintiff further seeks the collection of attorneys' fees and costs to the extent permissible under state and federal law.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

10.    Plaintiff also seeks a declaratory judgment that the choice-of-law, forum selection, tribal dispute resolution, and class action waiver provisions in Big Picture Loans' loan agreement are void and unenforceable because they violate Oregon law. Additionally, the terms of the loan agreement are void and unenforceable because they are unconscionable and against public policy. For example, the loan agreement seeks to disclaim all federal and state laws in favor of "tribal law." The choice of law, dispute resolution, and class action waiver provisions offer no forum for a just and fair adjudication of Plaintiff's rights and obligations. These unconscionable provisions also render the loan agreements void and unenforceable as a matter of public policy.[4]

## JURISDICTION AND VENUE

11.    This Court has jurisdiction pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1332(d)(2). Moreover, the Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Plaintiff, Richard Smith, is a resident of this District and a substantial part of Plaintiff's claims occurred in this Division of the District of Oregon.

## PARTIES

13.    Plaintiff Richard Smith is a natural person and resident of Banks, Washington County, Oregon.

---

[4] For example, in two recent cases, the Fourth Circuit held that similar provisions were unenforceable for violating public policy. *Hayes v. Delbert Services Corp.,* 811 F.3d 666, 673 (4th Cir. 2016) ("This arbitration agreement fails for the fundamental reason that it purports to renounce wholesale the application of any federal law to plaintiffs' federal claims."); *see also Dillon v. BMO Harris Bank, N.A.,* 2017 WL 1903475, at *4 (4th Cir. 2017) ("[W]e interpret these terms in the arbitration agreement as an unambiguous attempt to apply tribal law *to the exclusion of federal and state law.*").

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

14.    Defendant Big Picture Loans is a limited liability company doing business as an internet lending website under the domain name www.bigpictureloans.com. Big Picture Loans is the successor in interest of Red Rock Tribal Lending, LLC and Castle Payday (collectively referred to hereafter as "Big Picture Loans").[5] Big Picture Loans was formed in approximately August 2014. Big Picture Loans does business in Washington County, and throughout the State of Oregon and the United States.

15.    Defendant Matt Martorello is a natural person and resident of Dallas, Texas and/or Dorado, Puerto Rico. Martorello was the founder and chief executive officer of Bellicose Capital, which Martorello created to make and collect the usurious loans described herein. Martorello was the architect of the rent-a-tribe lending scheme and had direct personal involvement in the creation and day-to-day operations of the illegal enterprise. Martorello does business in Washington County, and throughout the State of Oregon and the United States.

16.    Defendant Ascension Technologies, LLC, f/k/a Bellicose Capital, LLC ("Ascension Technologies") is a limited liability company. Bellicose Capital was formed in approximately 2011 under the laws of the U.S. Virgin Islands and then Puerto Rico. Based on available evidence, Ascension Technologies' principal place of business is in Atlanta, Georgia. On information and belief, Bellicose Capital procured the investment capital, serviced the loans, and received the vast majority of the revenue from loans created through Big Picture Loans. In approximately April 2016, Martorello transferred, sold, or merged Bellicose Capital into Ascension Technologies, a subsidiary of Tribal Economic Development Holdings, LLC, in an

---

[5] Castle Payday, We Have Big News! Castle Payday is now Big Picture Loans, https://www.bigpictureloans.com/CastlePaydayRedirectLanding (last visited September 10, 2018).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

attempt to shield Bellicose Capital's illegal business practices. Although the nominal ownership of the company changed, Ascension Technologies continues to funnel a significant amount of its income to Martorello and/or other non-tribal members.[6] Further, Ascension Technologies operates independent of the Tribe with most of its business services and operations based in Atlanta, Georgia and Puerto Rico. Ascension Technologies does business in Washington County, and throughout the State of Oregon and the United States.

## FACTUAL ALLEGATIONS

17.    On or about December 11, 2017, Richard Smith applied online for a short-term loan from his residence in Banks, Washington County, Oregon.

18.    Shortly after completing an online application, a Big Picture Loans representative called Mr. Smith, informed him that he was eligible for a $1,500 loan, and noted that he would be making payments of $337.91 every two weeks.

19.    The Big Picture Loans representative did not explain that the annual percentage rate for his loan would be 527.4% or that the anticipated finance charges for his loan would be a total of $7,285.01 (in addition to the repayment of the principal).

20.    During the same call, the Big Picture Loans representative sent Mr. Smith an email with an internet link that would enable him to complete the loan application process.  The Big Picture Loans representative made sure that Mr. Smith digitally signed the loan document and returned/submitted it before he got off the phone.

---

[6] Zeke Faux, *Payday Lenders on the Run*, Bloomberg Business Week (Feb. 8, 2016) ("Martorello is selling Bellicose to the tribe for just $1.3 million upfront, plus as much as $300 million in future payments, depending on how the business does.").

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

21.     The Big Picture Loans representative did not explain the terms of the loan agreement and knew that Mr. Smith could not have read the six-page document during their short call.

22.     Mr. Smith was not aware that, according to the terms of his loan, he was purportedly waiving his rights as an Oregon consumer under the loan.

23.     On or about December 12, 2017, Mr. Smith received a deposit into his account for $1,500.

24.     From January 8, 2018 through April 16, 2018, Big Picture Loans deducted bi-monthly payments of $337.91 from Mr. Smith's bank account.

25.     During the period of repayment, Mr. Smith made repeated efforts by telephone to obtain updated payoff information or to determine how a $1,000 payment would reduce the principal on the purported debt, but Big Picture Loans representatives made it as difficult as possible for him to pay down the loan so that they could continue to add to their usurious interest charges.

26.     Ultimately, in April 2018, Mr. Smith made a final payment of $1,650.41 for repayment of the loan.

27.     Thus, over a period of approximately four months, Mr. Smith paid a total of **$4,353.69** for repayment of the **$1,500** loan.

## CLASS ALLEGATIONS

A.     **Oregon Consumer Finance Laws and Licensing Requirements Protect Oregon Residents from Defendants' Predatory Lending Practices**

28.     The State of Oregon has taken aggressive measures to protect Oregon residents from predatory lending practices.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

29.    Under Oregon law, a lender must be licensed to make a loan of $50,000 or less, unless the annual interest rate does not exceed the greater of 12 percent or five percent in excess of the discount rate on 90-day commercial paper ("the legal rate of interest"). ORS 82.010 and 725.045; *see also* ORS 725A.020(2) (license requirement for payday loan).

30.    Any loan made without the requisite license is <u>void</u>, and the lender has no right to collect, receive or retain any principal or interest. ORS 725.045(1)(b).

31.    It is well-established under Oregon law that a lender may not collect on a debt that offends public morals and/or contravenes public policy. *Pacific Bldg. Co. v. Hill*, 40 Or. 280, 293, 67 P. 103, 106 (1901) ("Usury is a moral taint wherever it exists, and no subterfuge should be permitted to conceal it from the eyes of the law. . . .  As a principle of international jurisprudence, no state is bound or ought to enforce or hold valid in its courts of justice any contract which is injurious to its public rights, offends its morals, contravenes its policy, or violates a public law.").

32.    Oregon courts have long recognized that they will not permit predatory lending practices to take advantage of Oregon borrowers, even where loans are made under the guise of a legal enterprise:

> The courts do not permit any shift or subterfuge to evade the law against usury. The form into which parties place their transaction is unimportant. Disguises are brushed aside and the law peers behind the innocent appearing cloaks in quest for the truth. . . . If the transaction was, in fact, a loan of the kind denounced by the law of usury, no form to which the parties could resort for purposes of creating false appearances of innocence would be invulnerable to attack by the truth.

*Fidelity Sec. Corp. v. Brugman*, 137 Or. 38, 50-51, 1 P.2d 131, 136 (1931).

**B.    Overview of Defendants' Enterprise**

33.    Over the last decade, businesses have sought to evade state lending laws by entering into ventures with Native American tribes "so they can use tribal immunity as a shield for conduct

{SSBLS Main Documents/9041/001/00736760-1 }
Page 10 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

of questionable legality." *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2052 (2014)

(Scalia, J., dissenting) (citing Nathalie Martin & Joshua Schwartz, *The Alliance Between Payday*

*Lenders and Tribes: Are Both Tribal Sovereignty and Consumer Protection at Risk?* 69 Wash. &

Lee L. Rev. 751, 758–759, 777 (2012)).

34.     Defendant Martorello recognized the exorbitant profits he could achieve by not

complying with state usury laws and making high interest loans to desperate and vulnerable

consumers, many of whom are Oregon residents.

35.     Through Bellicose Capital, Martorello established a rent-a-tribe business model

with the Tribe. They assisted the Tribe in forming Big Picture Loans as a "business enterprise" of

the Tribe, which then claimed to be "wholly owned" and "operated as an instrumentality of the

Tribe."[7]

36.     According to tribal records, "all information and records of Big Picture are

confidential," so the agreements and business operations among Defendants have not yet been

fully disclosed.

37.     Upon information and belief, the Tribe has had no direct control over the income

or expenses of Big Picture Loans.

38.     Although the Tribe holds itself out as the actual lender of the internet payday loans,

the Tribe is merely a front. The Tribe allowed Defendants to use its name and, in return, received

a nominal percentage of the revenue.[8] Bellicose Capital provided the infrastructure and investment

---

[7] *See, e.g.*, Lac Vieux Desert Band of Lake Superior Chippewa Indians, Resolution # T2014-066, Approving the Creation of the Wholly Owned and Operated Lending Entity—Big Picture Loans, LLC (Aug. 26, 2014), http://www.lvdtribal.com/pdf/BPL%20Organizing%20Documents.pdf (last viewed September 10, 2018).

[8] Zeke Faux, *Payday Lenders on the Run*, Bloomberg Business Week (Feb. 8, 2016) ("[Matt Martorello's] company, Bellicose Capital, helps an American Indian tribe in Michigan run

{SSBLS Main Documents/9041/001/00736760-1 }
Page 11 - **CLASS ACTION ALLEGATION COMPLAINT**
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

capital to market, fund, underwrite, and collect the loans, including by providing the following services: lead generation, technology platforms, payment processing, and collection procedures.

39.    Moreover, nearly all activities performed on behalf of Big Picture Loans were performed by officers and employees of Bellicose Capital, now Ascension Technologies, who were not located on the Lac Vieux Reservation. On information and belief, Bellicose Capital employees were located in the Virgin Islands, Puerto Rico, and the Philippines.

40.    On information and belief, Bellicose Capital handled the lead generation used to identify and solicit potential consumers.[9] Bellicose Capital's lead generation procedures were developed by Martorello.

41.    On information and belief, if a consumer called the number on the letter, he or she would reach a call center in the Philippines, who took direction and instructions from Bellicose Capital and not the Tribe.

42.    In January 2016, due to various lawsuits against Martorello's competitors and anticipated regulation from the Consumer Financial Protection Bureau ("CFPB"), Martorello transferred or sold Bellicose Capital in an attempt to shield Bellicose Capital's illegal business

---

websites that offer small loans to the public at annualized interest rates as high as 780 percent. Bellicose has collected tens of millions of dollars, with the tribe keeping about 2 percent of the revenue….").

[9] In order to find potential customers, internet lenders pay companies known as "lead generators," which are businesses that collect information on potential consumers to solicit for high-interest loans. *Pew Charitable Trust, Fraud and Abuse Online: Harmful Practices in Internet Payday Lending* (Oct. 2014), http://www.pewtrusts.org/-/media/assets/2014/10/payday-lending-report/fraud_and_abuse_online_harmful_practices_in_internet_payday_lending.pdf (last visited September 10, 2018). Lead generators pay high fees to several sources, such as consumer reporting agencies, to acquire borrower information to determine whether a consumer has ever applied or received an internet loan or whether a consumer may be in need or qualify for an additional loan. *Id.*

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

practices. Bellicose was re-branded as Ascension Technologies, which continues to operate with minimal tribal involvement or benefit to the Tribe.

43.    As part of this arrangement, the Tribe paid Martorello $1.3 million dollars, plus he is entitled to receive as much as *$300 million* in future payments. Faux, *supra* notes 2, 6. Through several corporate shells, Martorello is receiving variable, non-regular payments that may total $300 million over the course of seven years. According to a press release by the Tribe, each of the annual payments to Martorello's company will "build additional equity in its own lending support business."[10] Thus, the Tribe acknowledges that it does not own all of the equity in the company. With the purchase structured so that Martorello's company continues to receive substantial profits, the Tribe continues to receive only a modest fee in return for the use of its name.

44.    And while it is now purportedly organized under the laws of the Tribe, Ascension Technologies continues to operate in the same manner and with several of the same individuals who ran Bellicose Capital—none of whom appear to be affiliated with the Tribe.

45.    Upon information and belief, tribal members do not participate in the day-to-day operations of Ascension Technologies and Big Picture Loans, and nearly all the activities associated with these companies occurred off the Tribe's reservation, such as the office management, business development, internet marketing, call centers, payment processing, and servicing of the loans.

46.    For example, approximately 20 individuals identify Ascension Technologies as their employer on LinkedIn; however, none of these people are located on the reservation.

---

[10] https://www.prnewswire.com/news-releases/lac-vieux-desert-band-of-lake-superior-chippewa-indians-bolsters-tribal-economic-development-portfolio-with-purchase-of-bellicose-capital-llc-300210679.html (last visited September 10, 2018).

{SSBLS Main Documents/9041/001/00736760-1 }
Page 13 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

https://www.linkedin.com/search/results/all/?keywords=%22ascension%20technologies%2C%2
0llc%22&origin=GLOBAL_SEARCH_HEADER (last visited September 11, 2018).

47.    Three LinkedIn members claim an ownership interest in Defendant Ascension
Technologies. None of these owners are residents on tribal land. Instead, the alleged owners are
located near Phoenix, Arizona, Green Bay, Wisconsin, and Jackson, Mississippi.
https://www.linkedin.com/search/results/all/?keywords=%22ascension%20technologies%22%20
owner&origin=GLOBAL_SEARCH_HEADER (last visited September 11, 2018).

48.    Additionally, the Defendant's CEO claims to be located near Kansas City,
Missouri:



https://www.linkedin.com/in/james-birch-642a805b/ (last visited September 11, 2018).

49.    The company's co-founder is in the New York City area:



https://www.linkedin.com/in/bob-clyne-90b15a/ (last visited September 11, 2018).

50.    The Facebook page for Ascension Technologies lists Atlanta, Georgia as its place
of business.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



https://www.facebook.com/pages/Ascension-Technologies-LLC/1151747724868477 (last visited

September 11, 2018).

51.    According to its employees' LinkedIn pages, Ascension Technologies conducts its

risk analysis, database development, analytics, database marketing, strategic marketing, digital

marketing, information technology, and information security in Atlanta, Georgia. At least two

corporate vice presidents work in Atlanta.

{SSBLS Main Documents/9041/001/00736760-1 }
Page 15 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



https://www.linkedin.com/search/results/all/?keywords=%22ascension%20technologies%22%20

atlanta&origin=GLOBAL_SEARCH_HEADER (last visited September 11, 2018).

52.     In Puerto Rico, where Martorello claims his residence, Ascension Technologies has

additional business operations.[11] According to the LinkedIn pages of its employees, corporate

---

[11] https://www.linkedin.com/search/results/people/?facetCurrentCompany

{SSBLS Main Documents/9041/001/00736760-1 }
Page 16 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

office management for Ascension Technologies occurs from Puerto Rico. Additionally, the company's predictive modeling, data science, and compliance testing are conducted in Puerto Rico. James Dowd, one of the corporate vice presidents of Ascension Technologies, is located in Puerto Rico; Mr. Dowd was formerly a director of Bellicose Capital.

        53.    Ascension Technologies' director of business development is located in Chattanooga, Tennessee, and on his LinkedIn page, he describes the company's business as follows:



**Director of Business Development**
Ascension Technologies, LLC
Aug 2016 – Present  •  1 yr 11 mos

Ascension Technologies, LLC is a wholly owned subsidiary of Tribal Economic Development Holdings, LLC, a wholly owned and operated economic arm and instrumentality of the Lac Vieux Desert Band of Lake Superior Chippewa Indians, a federally recognized Indian tribe.

The team at Ascension Technologies, LLC has an extensive history in servicing lending portfolios, helping hundreds of thousands of people to achieve their financial goals. They specialize in facilitating personal, unsecured loans and financing, as well as the building of risk models, marketing, and providing customer service. Ascension does this by using cutting-edge technology, big data, and creative innovation to provide a transparent, frictionless, and highly efficient marketplace for the everyday borrower. Ascension effectively automates all aspects of operations while ensuring the ability to scale the lending portfolio, including the borrower application process, regulatory compliance, credit decisions, and underwriting. Combining strategic, technical, operational and organizational expertise with proven disciplined approaches, Ascension builds solutions that get results

https://www.linkedin.com/in/ben-u-63532012/ (last visited September 11, 2018).

        54.    Ascension Technologies' vice president of marketing in Atlanta describes her position as follows:

---

=%5B%2212899424%22%5D&keywords=ascension%20technologies%20puerto%20rico&origin=GLOBAL_SEARCH_HEADER (last visited September 11, 2018);
https://www.linkedin.com/search/results/people/?facetCurrentCompany=%5B%2212899424%22%5D&keywords=ascension%20technologies%20manager&origin=GLOBAL_SEARCH_HEADER (last visited September 11, 2018).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



**Vice President Marketing**
Ascension Technologies, LLC
Nov 2016 – Present  •  1 yr 8 mos
Atlanta, Georgia

Create and lead data-driven omni-channel marketing strategies and tactics for customer acquisition and retention in B2C sub-prime lending. Drive strategy, brand, digital, traditional and emerging channels to deliver marketing success. Use data and sophisticated analytics to accelerate revenue growth.

https://www.linkedin.com/in/lorialsterberg/ (last visited September 11, 2018).

55.     Ascension Technologies' director of digital marketing in Atlanta describes his position at the company as follows:



**Director of Digital Marketing**
Ascension Technologies, LLC
Jan 2017 – Present  •  1 yr 6 mos
Greater Atlanta Area

Vertical – B2C Online Personal Lending – Big Picture Loans – www.bigpictureloans.com

Responsible for all digital marketing & advertising for Big Picture Loans including; mixed-media channel budget planning & multi-channel integration, partner directly with Direct Mail channel owner, ensuring all creative assets and messaging unify both the digital and offline customer journey

Directly hands-on, build & manage all digital marketing campaigns and strategies including; SEO, SEM, Social, Programmatic, Content Marketing & Amplification, email Marketing, Campaign Landing Page Development, Re-targeting and Marketing Automation

Directly manage all Paid Search accounts and Programmatic Display strategy leads through testing, campaign optimizations and budget allocations

Develop and manage all CRM touch points including; direct marketing, email marketing (customer lists exceeding 2MM), retention strategies, and new customer acquisition initiatives via Hubspot

Lead and spearhead the redesigned of Big Picture Loans Website, hands-on built landing pages, designed and sourced digital assets, photo selections and architected all UX/Conversion Optimization strategy

Establish and manage all Social Media channel presence, including identifying and targeting audience segmentation, reporting, budget recommendations and content publishing

Create, manage, source and publish all digital content in a variety of shareable and downloadable formats

Build, manage and report on all cross-channel digital marketing efforts through various campaign strategies and performance metrics

https://www.linkedin.com/in/mike-richardson-9048204/ (last visited September 10, 2018).

{SSBLS Main Documents/9041/001/00736760-1 }
Page 18 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

56.     Upon information and belief, none of Ascension Technologies' employees, referenced above, are members of the Tribe.

57.     Nearly all of the activities of Ascension Technologies are performed by these non-tribal members who are located off the reservation.

C.      **Defendants' Lending Practices Violated Oregon Law**

58.     Defendants were aware that Oregon law prohibits unlicensed lenders from making loans for less than $50,000 at interest rates exceeding the greater of 12 percent or five percent in excess of the discount rate on 90-day commercial paper. ORS 82.010 and 725.045.  Any loan made without the requisite license is void, and the lender has no right to collect, receive or retain any principal or interest. ORS 725.045(1)(b).

59.     At all times relevant to this litigation, the Defendants did not have a consumer finance license permitting them to make loans in Oregon. The Tribe also did not have a consumer finance license in Oregon.

60.     Based on information and belief, the Defendants have never attempted to obtain a license to become a lender under Oregon law.

61.     Accordingly, Defendants' loans to Oregon residents are null and void, and it was unlawful for Defendants or any of their affiliated entities to collect or receive any principal or interest on the loans, including the amounts paid by Plaintiff. See ¶¶ 29-32, *supra*.

62.     Based on information and belief, Defendants knew that they were unlicensed lenders at all times relevant to this suit; Defendants also were aware that their lending practices were at interest rates that greatly exceeded the maximum interest rates as set by state usury laws and payday lending laws.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

63.     Through advertising and marketing, Defendants targeted Oregon consumers for their lending practices, including the loans to Mr. Smith.

64.     Defendants chose Oregon as a place where loans and collection efforts would ensue and participated in and knew of the actions of the other Defendants in Oregon.

65.     Martorello knew the subject loans were illegal under Oregon law, but pursued the scheme anyway through Big Picture Loans and Bellicose.

66.     In order to qualify for Defendants' loan product, Oregon consumers were required to electronically sign a form contract created by Defendants—not created by the Tribe.

67.     Under the terms of the standard loan agreement, the interest rates charged were significantly greater than the maximum legal rate that can be charged under Oregon law.

68.     For example, Defendants loaned $1,500 to Richard Smith with interest at an annual percentage rate ("APR") of 527.4%.

**D.     Defendants' Loan Agreements, Including Choice-of-Law, Dispute Resolution, and Class Action Waiver Provisions, Are Void and/or Unenforceable**

69.     Because the loans were made and collected without a consumer finance license and charged an interest rate in excess of the maximum rate permitted under Oregon law, the agreements are void and unenforceable.

70.     Defendants' loan agreement not only violates Oregon's consumer lending statutes and the public policy against usurious loans, but it also contains unconscionable and unenforceable choice of law and forum selection provisions that seek to disclaim laws and legal rights and ultimately deprive consumers of their day in court.

71.     For example, Defendants' Loan Agreement with Plaintiff provides:

{SSBLS Main Documents/9041/001/00736760-1 }
Page 20 - **CLASS ACTION ALLEGATION COMPLAINT**
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**GOVERNING LAW AND FORUM SELECTION**: This Agreement will be governed by the laws of the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("Tribal law"), including but not limited to the Code as well as applicable federal law. All disputes shall be solely and exclusively resolved pursuant to the Tribal Dispute Resolution Procedure set forth in Section 9 of the Code and summarized below for Your convenience.

**SOVEREIGN IMMUNITY**: This Agreement and all related documents are being submitted by You to Big Picture Loans, LLC at its office on Tribal land. The Lender is an economic development arm, instrumentality, and limited liability company wholly owned and operated by the Tribe. The Tribe is a federally recognized Indian Tribe and is generally immune from suit as a sovereign nation unless such immunity is waived by the Tribe in accordance with Tribal law or abrogated by applicable federal law ("tribal sovereign immunity"). Because the Tribe and Lender are entitled to tribal sovereign immunity, You will be limited in what claims, if any, You may be able to assert against both the Tribe and Us. To encourage resolution of consumer complaints as well as provide an authorized method of dispute resolution for consumers, pursuant to Section 9 of the Code, all complaints lodged, filed, or otherwise submitted by You or on Your behalf must follow the Tribal Dispute Resolution Procedure, as described herein.

**PRESERVATION OF SOVEREIGN IMMUNITY**: It is the express intention of the Tribe and Lender, operating as an economic arm-of-the-tribe, to fully preserve, and not waive either in whole or in part, exclusive jurisdiction, sovereign immunity, and any other rights, titles, privileges, and immunities, to which they are entitled including the tribal sovereign immunity of the Tribe and Lender. To protect and preserve the rights of the parties, no person may assume a waiver of immunity exists except by express written resolution of the Tribe's Tribal Council specifically authorizing such a waiver as required by Article XIII of the Tribe's Constitution specifically for the matter in question.

**TRIBAL DISPUTE RESOLUTION PROCEDURE**: The Tribe has established a Tribal Dispute Resolution Procedure (the "Procedure") to review and consider any and all types of complaints made by you or on your behalf relating to or arising from this Agreement. . . . The Tribe and Lender intend and require, to the extent permitted by Tribal law, that any complaint lodged, filed, or otherwise submitted by You or on Your behalf to follow the Procedure. Under the Procedure, if You in the course of Your

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

otherwise lawful and proper use of Lender's business believe Yourself to be harmed by some aspect of the operation of any part of Lender's business, You must direct Your concerns or dispute to Lender in writing. Your complaint to the Lender shall be considered similar in nature to a petition for redress submitted to a sovereign government, without waiver of tribal sovereign immunity and exclusive jurisdiction, and does not create any binding procedural or substantive rights for a petitioner. The Lender will investigate the complaint and respond as soon as reasonably practicable, but no later than thirty (30) days from the receipt of Your written complaint. In the event that You are dissatisfied with the Lender's determination, You may initiate Formal Dispute Resolution by requesting an administrative review of Lender's determination by submitting such request in writing to the Tribal Financial Services Regulatory Authority ("Authority"), P.O. Box 249, Watersmeet, MI 49969, no later than ninety (90) days after receiving Lender's determination. The Authority may hold an administrative review hearing, if requested by You or Us, which will occur within sixty (60) days after the Authority receives Your written request. The Authority will send notice to You and Us when a request for a hearing is granted or denied. At any such hearing, You may be represented by legal counsel at Your own expense. You may appeal an Authority decision and order by filing a written petition for review with the Tribal Court within ninety (90) days after the Authority issued its decision and order.

(Smith Loan Agreement, attached as Exh. 1, at 4–5.)

72.    Upon information and belief, the governing law and forum selection clauses were template language included in all loan agreements involving Big Picture Loans.

73.    Defendants' loan agreement contains unconscionable and unenforceable choice-of-law and forum selection provisions that seek to disclaim federal and state laws in favor of Tribal law.

74.    Defendants' choice-of-law provision is unenforceable as a matter of federal law because it purports to disclaim all federal law.

75.    Defendants' choice-of-law provision is unenforceable as a matter of Oregon law because it purports to disclaim the application of any state law.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

76.    Likewise, the forum selection clause is also unenforceable because it deprives Oregon borrowers of *any* forum to bring state or federal law claims.

77.    The loan agreement disclaims that Plaintiff and the Class have any right to pursue either litigation or arbitration by a neutral third party. (Smith Loan Agreement, attached as Exh. 1, at 5. ("NO LITIGATION OR ARBITRATION IS AVAILABLE") (emphasis in original).)

78.    Instead, the Tribal Dispute Resolution Procedure only purports to allow consumers to follow a "Formal Dispute Resolution" with the Tribal Financial Services Regulatory Authority and the Tribal Court. (*Id*.)

79.    The Tribal Dispute Resolution Procedure states that consumers do not have "any binding procedural or substantive rights" against Big Picture Loans. (*Id*.)

80.    The Formal Dispute Resolution is a sham because the Tribal Financial Services Regulatory Authority does not have subject matter jurisdiction to consider: (1) any claims brought under state or federal law or (2) claims regarding the legality of the debt. Tribal Fin. Servs. Auth. Comm'n Regs., Reg. 1.1(B)(4), *available at* http://www.lvdtribal.com/pdf/TFSRA-Regulations.pdf (last visited September 10, 2018).

81.    Specifically, the Regulations indicate that the Tribal Financial Services Regulatory Authority will not "grant the consumer an opportunity to be heard" if the only allegation is that the loan "is illegal in a jurisdiction outside the jurisdiction of the Tribe." *Id*., Reg. 1.1(B)(4)(b).

82.    Further, the Regulations only provide that the Tribal Financial Services Regulatory Authority may "resolve the dispute in favor of the consumer upon a finding that the [tribal entity] ***violated a law or regulation of the Tribe***." *Id.*, Reg. 1.1(B)(4)(c) (emphasis added).

83.    Defendants' loan agreement even violates Tribal law, which requires that the following provisions must be conspicuous: "Governing Law and Forum Selection," "Sovereign

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Immunity," and "Preservation of Sovereign Immunity." Specifically, under Tribal law, each of these paragraphs must be included "**in bold or all caps and conspicuously placed**." Tribal Cons. Fin. Servs. Reg. Code § 7.2(a); Tribal Fin. Servs. Auth. Comm'n Regs., Reg. 1.5(B) (emphasis added), *available at* http://www.lvdtribal.com/pdf/TFSRA-Regulations.pdf (last visited September 10, 2018).  None of the provisions were conspicuous in the subject loan.

84.    Defendants' governing law clause is unenforceable because it violates public policy concerns in Oregon and was procured through fraud and misrepresentations, including that Big Picture Loans was "wholly owned and operated by the Tribe."

85.    These statements were false, misleading, and designed to create the appearance that consumers were doing business with a neutral, government-like entity.

86.    In reality, the loans were owned and/or operated by non-tribal members, including Ascension Technologies, who funded the loans, controlled the underwriting, and handled the day-to-day operations of the businesses, including the interactions with consumers and collections.

87.    Through the Tribal regulatory code and class action waiver provision, Defendants also seek to deprive borrowers of any just and cost-effective means of seeking redress for Defendants' wrongful acts.

88.    The Tribal regulatory code prohibits an award of attorneys' fees or costs to the borrower, if she were to prevail in the Tribe's formal dispute resolution procedure. Tribal Cons. Fin. Servs. Regulatory Code § 9.3(i). Big Picture Loans, on the other hand, is permitted to recover attorneys' fees and reasonable costs for the collection of a debt. *Id.,* § 7.2(c).

89.    Similarly, the loan agreement seeks to strip Plaintiff of the opportunity to pursue his claims as a class action. (Smith Loan Agreement, attached as Exh. 1, at 5 ("All disputes including any Representative Claims against Us and related third parties shall be resolved by the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

TRIBAL DISPUTE RESOLUTION PROCEDURE only on an individual basis with You as provided for pursuant to Tribal law.") (emphasis in original).)

90.    In essence, Defendants use the forum selection and choice of law clauses to convert the terms of the loan agreement into "a choice of no law clause." *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 675 (4th Cir. 2016).

### E.    Class Definitions

91.    Plaintiff brings this action on his own behalf and as a class action pursuant to Federal Rule of Civil Procedure 23 for the following Class:

> All persons: (1) who executed a loan with Big Picture Loans, (2) when they resided or were located in Oregon, (3) where the loan was originated and/or any payment was made on or after September 11, 2013.

### F.    Numerosity

92.    Fed. R. Civ. P. 23(a)(1). Upon information and belief, Plaintiff alleges that the Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through the internal business records maintained by Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

### G.    Predominance of Common Questions of Law and Fact

93.    Fed. R. Civ. P. 23(a)(2) & (b)(3). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual Class members. These common questions include, as to the Class:

(a)    whether the choice-of-law, forum selection, dispute resolution, and/or class action waiver provisions in Defendants' loan agreement violate Oregon law, offend public policy interests, and should be deemed unenforceable;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

(b)    whether the Defendants were licensed to make loans to Oregon residents;

(c)    whether the failure to obtain the license renders the loans to Plaintiff and the class members void and/or unenforceable;

(d)    whether the Defendants participated in an enterprise under RICO;

(e)    whether the loans to Oregon residents included interest rates at more than twice the legal maximum APR, in violation of Oregon usury laws;

(f)    whether Plaintiff and the class members conferred a benefit on Defendants because of their payments of principal and interest on Defendants' void and unenforceable loans;

(g)    whether Defendants knew or should have known of the benefit conferred;

(h)    whether Defendants retained an unjust benefit because the loan was void;

(i)    whether the Defendants violated the elements of 18 U.S.C. § 1962(c), as previously alleged;

(j)    whether the Defendants entered into a series of agreements to violate § 1962(c);

(k)    whether the Defendants violated the Oregon RICO Act by their collection of an unlawful debt through a pattern of racketeering activity;

(l)    whether the Defendants conspired or endeavored to collect on an unlawful debt through a pattern of racketeering activity; and

(m)    what is the proper recovery for Plaintiff and the Class members against each Defendant.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

### H.    Typicality

94.    Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. All are based on the same facts and legal theories.

### I.    Adequacy of Representation

95.    Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

### J.    Superiority

96.    Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Litigating the validity and enforceability of each loan agreement would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

### K. Injunctive Relief Appropriate for the Class

97.     Fed. R. Civ. P. 23(b)(2). Class certification is also appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable, injunctive relief with respect to Plaintiff and the Class members. Plaintiff and the Class seek an injunction prohibiting Defendants from collecting any further amounts from Oregon consumers in connection with their loans, requiring Defendants to provide notice to consumers that the loans are unenforceable, and requiring Defendants to delete any derogatory reporting on tradelines to the credit bureaus or other consumer reporting agencies, as well as ordering Defendants to divest themselves of any interest in any enterprise pled herein, including the receipt of racketeering profits; prohibiting Defendants from continuing to engage in any enterprise pled herein; and ordering the dissolution of each Defendant that has engaged in any enterprise pled herein.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

98.     Plaintiff incorporates each of the allegations in the preceding paragraphs as if restated here.

99.     Defendants' loan agreement contains illegal and unconscionable choice of law, forum selection, class action waiver, and dispute resolution provisions that violate Oregon law and are void and unenforceable for public policy concerns.

100.    The dispute is a justiciable matter that is not speculative, and a resolution by this Court will determine the rights and interests of the parties to the Loan Agreement as well as the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

validity, if any, of the choice of law, forum selection, class action waiver, and dispute resolution provisions.

101.     Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy, and a declaratory judgment is the appropriate mechanism for resolving the validity and enforceability of the Loan Agreement.

102.     Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks a declaratory judgment that the choice of law, forum selection, class action waiver, and dispute resolution provisions are void and unenforceable as to Oregon residents because such terms (a) violate Oregon law, and (b) are unconscionable and contrary to matters of public policy.

## SECOND CLAIM FOR RELIEF

### (Violations of Oregon Lending Laws)

103.     Plaintiff incorporates each of the allegations in the preceding paragraphs as if restated here.

104.     Defendants made loans to Oregon consumers even though they are not licensed to make loans in the State of Oregon.

105.     Defendants' unlicensed lending to Oregon consumers was, and remains, a violation of Oregon consumer protection laws

106.     In their loans to Oregon consumers, Defendants charged and collected interest at a rate greater than the maximum legal rate of interest under Oregon law.

107.     Plaintiff and the Class Members seek a declaratory judgment that the loans are void and unenforceable as a matter of law. The dispute is a justiciable matter that is not speculative, and a resolution by this Court will determine the rights and interests of the parties to the loan agreement. Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy, and a

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

declaratory judgment is the appropriate mechanism for resolving the validity and enforceability of the Loan Agreement.

108.    Because the loans at issue are void and unenforceable, Plaintiff and the Class request that the Court enter judgment against the Defendants jointly and severally for the recovery of all principal and interest paid to the Defendants under the terms of the illegal loans. Plaintiff further seeks the recovery of attorneys' fees and costs as well as all other relief which may be due and owing under Oregon law.

109.    Additionally, Plaintiff and the Class request that the Court permanently enjoin Defendants from the unlicensed practice of lending less than $50,000 to consumers, including but not limited to:

1. engaging in any business, in whatever form transacted, including but not limited to by mail, electronic means, the Internet, or telephonic means, that consists in whole or in part of making, offering, arranging, or acting as an agent in the making of loans of $50,000.00 or less in the State of Oregon;

2. advertising, marketing, or soliciting in the State of Oregon for a business that consists in whole or in part of making, offering, arranging, or acting as an agent in the making of loans of $50,000.00 or less through any media, including but not limited to the Internet, television, print, and radio;

3. collecting or attempting to collect payment of interest or principal pursuant to any loan agreement with any person in the State of Oregon;

4. enforcing or attempting to enforce any loan agreement with any person in the State of Oregon in any court or other tribunal, including but not limited to the Tribal authority of the Lac Vieux Desert Band of Lake Chippewa Indians; and

5. selling or assigning any agreement for a non-mortgage loan of $50,000.00 or less between Defendants and any person residing in the State of Oregon to any third party.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

110.    Plaintiff further requests the Court enter an injunction prohibiting Defendants from

collecting any further amounts from Oregon consumers in connection with their loans, requiring

Defendants to provide notice to consumers that the loans are unenforceable, and requiring

Defendants to delete any derogatory reporting on tradelines to the credit bureaus or other consumer

reporting agencies.

## THIRD CLAIM FOR RELIEF

### (Violations of RICO, 18 U.S.C. § 1962(C))

111.    Plaintiff incorporates each of the allegations in the preceding paragraphs as if

restated here.

112.    At all relevant times, Big Picture Loans, LLC, Ascension Technologies, LLC f/k/a

Bellicose Capital, LLC, and Matt Martorello were members and associates of an internet payday

lending enterprise, whose members and associates engaged in the collection of unlawful debt.

113.    The Defendants, including their leadership, membership, and associates, constitute

an "enterprise" as that term is defined in 18 U.S.C. § 1961(4) – that is, a group of individuals and

entities associated in fact.

114.    The enterprise is engaged in, and its activities affect, interstate commerce. The

Defendants' leadership is based in Atlanta, Georgia, Denver, Colorado, Chattanooga, Tennessee,

and other locations as addressed in preceding paragraphs. Defendants' enterprise operates

throughout the United States, including the District of Oregon, as well as in Puerto Rico and the

Philippines. Additionally, Defendants claim to do business on Tribal lands.

115.    The Defendants work together as an ongoing organization whose members function

as a continuing unit for a common purpose of achieving the enterprise's objectives, namely the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

enrichment of the Defendants through the advancement and collection of unlawful, usurious loans to desperate, unsophisticated borrowers.

116.    As alleged above, Defendants, along with other participants not yet known to Plaintiff, violated § 1962(c) of RICO through the "collection of unlawful debt." 18 U.S.C. § 1962(c).

117.    RICO defines "unlawful debt" as a debt which was incurred in connection with "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6).

118.    The means and methods by which the Defendants and other members and associates conducted and participated in the conduct of the affairs of the enterprise was and continues to be the operation, direction, and control of the payday loan company in the business of lending money at usurious rates under the laws of numerous states, including Oregon, where the usurious rates charged were at least twice the enforceable rate. Defendants were directly and materially involved in this intentional misconduct. They knew the subject loans were illegal under Oregon law, but they actively participated in the solicitation of borrowers and the illegal lending enterprise anyway.

119.    All of the loans made to Oregon residents and collected by Defendants included an interest rate far in excess of twice the enforceable rate in Oregon.

120.    In operating and conducting the affairs of the enterprise, the Defendants used proceeds from the collection of unlawful debt to further the operations and objectives of the enterprise.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

121.    The predicate acts of collection of unlawful debt are described herein and in particular in paragraphs 17-27 and 33-68 herein. The debts incurred by Plaintiff and all other members of the Class are unlawful and unenforceable.

122.    The Defendants' leadership, management, and participation in the enterprise began at some point as early as 2011, following the formation of Red Rock Tribal Lending, LLC, continued with the formation of Defendant Big Picture Loans in 2014, continues to date, and will occur repeatedly in the future to the detriment of Oregon consumers.

123.    Plaintiff and the Class members were injured as a result of Defendants' violations of 18 U.S.C. § 1962(c). In particular, Plaintiff and the Class have been deceived, coerced, and harassed to pay extortionate and usurious interest, as well as the principal, on unlawful debts. Accordingly, as a direct and proximate cause of their violations of RICO, Defendants are jointly and severally liable to Plaintiff and the putative members of the Class for their actual damages, treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

## FOURTH CLAIM FOR RELIEF

### (Violations of RICO, 18 U.S.C. § 1962(D))

124.    Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth here.

125.    Beginning as early as 2011, Defendants, as persons employed by and associated with the aforementioned payday lending enterprise, along with other participants not yet known to Plaintiff, violated 18 U.S.C. § 1962(d) by willfully and knowingly conspiring and entering into a series of agreements to violate § 1962(c) and Oregon's usury laws—that is, to conduct and participate, directly and indirectly, in the collection of unlawful debt. In addition, Defendants

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

knowingly entered into agreements to facilitate the development and management of the enterprise and engaged in overt acts to further the business interests of the enterprise.

126.    Defendants, along with other participants not yet known to Plaintiff, violated § 1962(d) of RICO by entering into a series of agreements to violate 18 U.S.C. § 1962(c). These agreements, include, *inter alia*: (a) agreements between and among Defendants, including their predecessors in interest, Red Rock Tribal Lending, LLC and Bellicose Capital, to create the necessary legal frameworks and entities to conduct the affairs of the lending enterprise; (b) agreements between and among Defendants to provide the necessary funds to conduct and expand the affairs of the lending enterprise; (c) agreements between and among Defendants to investigate and solicit investors in furtherance of the affairs of the lending enterprise; (d) agreements between and among Defendants to generate high-interest loans to desperate borrowers, including residents of Oregon; (e) agreements between and among Defendants to refinance the lending enterprise, including the agreement for the acquisition of Bellicose Capital and the continued payments to Martorello; and (f) agreements between and among the Defendants and unknown third parties to further conduct the affairs of the Defendants' lending enterprise.

127.    Each of the agreements identified in the preceding paragraph contemplated that a conspirator would commit at least one collection of unlawful debt in the conduct and furtherance of the affairs of the enterprise.

128.    As a result of Defendants' participation in the enterprise and violations of RICO, Defendants are jointly and severally liable to Plaintiff and the Class members for their actual damages, treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

129.    Plaintiff incorporates each of the allegations in the preceding paragraphs as if restated here.

130.    The loans made by Defendants to Plaintiff and the Class members were void and illegal.

131.    Plaintiff and the Class members conferred a benefit on Defendants when they repaid principal and interest on the void loans; Defendants knew of the benefit; and Defendants have been unjustly enriched through their receipt of any amounts in connection with the unlawful loans.

132.    Accordingly, Plaintiff seeks to recover from Defendants, jointly and severally, all principal and interest repaid on Defendants' loans by Plaintiff and the Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment on behalf of himself and the Class he seeks to represent against Defendants for:

(a)    Certification for this matter to proceed as a class action;

(b)    Declaratory relief, injunctive relief, actual damages, treble damages, and punitive damages, as pled herein;

(c)    Attorney's fees and costs of suit; and

(d)    Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

DATED this 10th day of September, 2018.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Steve D. Larson
    **Steve D. Larson,** OSB No. 863540
    **Steven C. Berman,** OSB No. 951769

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:    slarson@stollberne.com
           sberman@stollberne.com

-and-

**Michael A. Caddell** (to be admitted *pro hac vice*)
**Cynthia B. Chapman** (to be admitted *pro hac vice*)
**John B. Scofield, Jr.** (to be admitted *pro hac vice*)
**Amy E. Tabor** (to be admitted *pro hac vice*)
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007
Telephone: (713) 751-0400
Facsimile: (713) 751-0906
Email:    mac@caddellchapman.com
           cbc@caddellchapman.com
           jbs@caddellchapman.com
           aet@caddellchapman.com

Attorneys for Plaintiff

{SSBLS Main Documents/9041/001/00736760-1 }
Page 36 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840