**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Steven C. Berman,** OSB No. 951769
Email: sberman@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

**Michael A. Caddell** (admitted *pro hac vice*)
Email: mac@caddellchapman.com
**Cynthia B. Chapman** (admitted *pro hac vice*)
Email: cbc@caddellchapman.com
**John B. Scofield, Jr.** (admitted *pro hac vice*)
Email: jbs@caddellchapman.com
**Amy E. Tabor** (admitted *pro hac vice*)
Email: aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007
Telephone: (713) 751-0400
Facsimile:  (713) 751-0906

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD LEE SMITH individually and on behalf of persons similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>BIG PICTURE LOANS, LLC, et al.<br><br>          Defendants. | Case No. 3:18-cv-01651-AC<br><br>**PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING SCHEDULE** |

Page 1 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING
              SCHEDULE

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, Plaintiff's counsel certifies that the parties have made a good faith effort to resolve the issues presented in this motion. To date, Plaintiff's counsel has been unable to reach an agreement with Defendants, despite telephone conferences on December 13, 14 and 19, 2018 and January 7, 2019, and numerous emails. As demonstrated by two attached email exchanges (Exhibits A and B to Scofield Decl.), the parties have worked diligently toward an agreement for jurisdictional discovery in three related lawsuits, but they have been unable to reach an agreement by the Court's extended deadline for the filing of this motion (Dkts. 30, 59, and 61).

## MOTION

For the reasons addressed below, Plaintiff requests that the Court continue its stay (Dkt. 59) of briefing Defendants' motions to dismiss (Dkts. 38, 39, 41, 44, and 46) and designate a 90-day period for jurisdictional discovery, including the opportunity to submit additional written discovery and depose witnesses. In the alternative, Plaintiff requests that the Court stay the briefing on the motions to dismiss until further order of the Court and refer the dispute of jurisdictional discovery to the Magistrate.[1] Defendants oppose the requested relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Claiming an affiliation to the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("the Tribe"), Defendants Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") seek complete immunity from suit, such as is extended only to sovereign governments, to insulate them from liability for their blatant violation of Oregon's anti-usury laws.

---

[1] In a similar case against these same Defendants, the Northern District of California recently granted a motion for jurisdictional discovery, stayed briefing deadlines, and referred the jurisdictional dispute to the magistrate. (See Exhibit C to Scofield Decl., Order Granting Plaintiffs' Motion to Extend the Briefing Schedule to Allow for Jurisdictional Discovery, Dkt. 53, *Cumming v. Big Picture Loans, LLC*, Case No. 5:18-cv-03476-EJD (N.D. Cal. November 15, 2018).)


The U.S. District Court for the Eastern District of Virginia recently rejected these arguments by the same Defendants. *Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 283 (E.D. Va. 2018). In reaching its findings against these Defendants, that court relied on an extensive record, including documents and deposition testimony, much of which were filed in redacted form or under seal. (*Id.* at 253-66.) Defendants have refused to produce the same documents and evidence to Plaintiff in this case.

In another recent order granting jurisdictional discovery against these same Defendants, the Northern District of California in *Cumming* held that "[c]onsidering (1) there is a critical factual controversy affecting the court's subject matter jurisdiction, (2) the Breakthrough factors require a particular factual showing beyond the typical jurisdictional issue, (3) the information relevant to the Breakthrough factors appears uniquely within Defendants' control and not easily available from public sources, and (4) Defendants have already been ordered to produce comparable information under similar circumstances, the court finds that Plaintiffs have satisfied their burden to demonstrate a need for jurisdictional discovery." (Exhibit C, 3.)

Further, with at least five cases pending against these Defendants for the same lending practices in other states, every case that has decided the issue has granted plaintiffs the opportunity to conduct jurisdictional discovery. In addition to the *Williams* and *Cumming* courts, the Eastern District of Virginia has ordered jurisdictional discovery in a second, similar case. *See* Exhibit D to Scofield Decl., Order, Dkt. 64, *Galloway v. Big Picture Loans*, No. 3:18-cv-0406 (E.D. Va. Oct. 9, 2018) (authorizing plaintiffs to use jurisdictional discovery produced in *Williams*, serve additional discovery, and take depositions).[2] A similar result is warranted here.

This Court should also follow the majority of on-point authorities which have held that jurisdictional discovery should be conducted before extending the "strong tonic"[3] of a Native

---

[2] Additionally, a motion for jurisdictional discovery is pending in *McKoy v. Big Picture Loans, LLC*, Case No. 1:18-cv-03217-MLB (N.D. Ga) (Dkt. 51).

[3] *People v. Miami Nation Enterprises*, 386 P.3d 357, 371 (Cal. 2016).

Page 3 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING SCHEDULE

American tribe's sovereign immunity to a for-profit business that may or may not truly serve tribal self-government purposes. *See Finn v. Great Plains Lending, LLC*, 689 Fed. App'x 608, 610–11 (10th Cir. 2017) (reversing denial of jurisdictional discovery into arm-of-the-tribe factors); *U.S. v. Salish Kootenai College,* 862 F.3d 939, 944–45 (9th Cir. 2017) (remanding action for discovery on arm-of-the-tribe factors); *Gibbs v. Plain Green, LLC*, 331 F.Supp.3d 518, 529-33 (E.D. Va. 2018) (granting jurisdictional discovery into arm-of-the-tribe factors).

As a part of their stipulated agreement on jurisdictional discovery and a briefing schedule (Dkts 29, 30, 58, 59, 60, and 61), Plaintiff served jurisdictional discovery on Defendants, seeking documents relevant to factors courts have considered relevant to sovereign immunity, including unredacted versions of the evidence that the Eastern District of Virginia considered. (Exhibits E and F to Scofield Decl.) Plaintiff therefore requests that the Court deem that the jurisdictional discovery is justly served on Defendants and set a deadline for such responses of 14 days after the Court rules on this Motion. Plaintiff also requests an opportunity to serve further discovery on an expedited schedule, for approximately 90 days, so that they may follow up on any factual issues that may require further development, including the depositions of custodians and declarants, including Brian McFadden, James Williams, Jr. and Michelle Hazen. Plaintiff requests this relief not for purposes of delay, but so that these important and heavily fact-driven issues may be decided on a thorough record.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Big Picture offers short-term loans to Oregon residents at extremely high interest rates, often exceeding 500%, through its website and in conjunction with Ascension's marketing and customer acquisition services. Defendant Martorello is the mastermind of these companies' illegal lending enterprise. As addressed in their motions to dismiss, Big Picture and Ascension claim to be an arm of the Tribe and protected from judgment for their blatant violations of Oregon law and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). To the contrary, Defendants cannot manipulate a complex legal structure to protect them from the jurisdiction of

any United States court, particularly where that structure is outside of the control of the Tribe and diverts the lion's share of their profits to non-tribal members.

The U.S. District Court for the Eastern District of Virginia has reviewed Defendants' defenses and found that these same defendants did not meet their burden to prove sovereign immunity as a defense to consumers' usury and RICO claims. *Williams*, 329 F. Supp. 3d at 283. After the defendants in *Williams* indicated that they would seek dismissal of the Complaint for lack of subject matter jurisdiction and personal jurisdiction, among other grounds, the court ordered the parties to conduct jurisdictional discovery. Sept. 1, 2017 Order (Dkt. 17), Docket No. 3:17–cv–461 (E.D. Va.). Though now opposing jurisdictional discovery, Defendants conceded jurisdictional discovery in *Williams*. For example, Martorello's counsel conceded that plaintiffs were permitted to subpoena third parties as a part of jurisdictional discovery. See *Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 441 (E.D. Va. 2018), citing Oct. 16, 2017 Transcript at 23:20–22 (ECF 48) ("[I]t's perfectly all right to use any procedural vehicle authorized by the Federal Rules of Civil Procedure in pursuit of the discovery about a jurisdictional issue ....").

Based on a full record afforded by jurisdictional discovery showing how the Defendants "operate in practice," the Eastern District of Virginia in *Williams* found that, despite nominally being dedicated to promote the Tribe's self-determination and economic development, "a closer look reveals that neither Big Picture nor Ascension fulfills those goals very well, if at all." *Williams*, 329 F. Supp.3d at 282. In its consideration and denial of Defendants' motions to dismiss for want of subject matter jurisdiction, the Eastern District of Virginia provided a detailed recitation of the complexities and underlying facts. *Williams*, 329 F. Supp.3d at 253–66.

Plaintiff in the subject litigation seeks certification of a class action for Oregon residents based on Defendants' violations of RICO and Oregon's aggressive statutory protection of Oregon residents against unlicensed lending practices at usurious interest rates. In accordance with the parties' stipulation to work out a plan for jurisdictional discovery, Plaintiff served discovery requests that would help outline the scope of jurisdictional discovery. (Exhibits E and F.) As of the extended deadline for filing this Motion (Dkt. 30, 59), the parties have been unable to work

Page 5 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING
           SCHEDULE

out a stipulated agreement on the scope of jurisdictional discovery, but the parties will continue negotiations for resolution of this Motion. The deadlines for Plaintiff's responses to Defendants' Motions are currently adjourned pursuant to the parties' agreement. (Dkts. 29, 30, 58, and 59.)

### III. ARGUMENT AND AUTHORITIES

#### A. Jurisdictional Discovery Necessary for Fair Development of the Record

Discovery under the Federal Rules of Civil Procedure is generous in scope and freely permitted, and district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 64 (4th Cir. 1993) (alterations in original) (quoting *In re Multi–Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981)). Generally, the service and scope of jurisdictional discovery are subject to this Court's discretion. *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th Cir. 2017), citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). A refusal to grant jurisdictional discovery constitutes an abuse of discretion "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Finn,* 689 F. App'x. at 610 (citations and internal quotations omitted).

The Court should order that jurisdictional discovery proceed to give Plaintiff the opportunity to "to verify allegations of specific facts crucial to an immunity determination." *Furry v. Miccosukee Tribe of Indians of Fla.*, No. 10–24524–CIV, 2011 WL 1303281 *2 (S.D. Fla. March 31, 2011), quoting *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312 (11th Cir.2009). *See also Lovelett v. State of Wa.*, 2018 WL 993972 Case No. C16-5922 BHS (W.D. Wa. Feb. 21, 2018) (finding "limited discovery is warranted because open questions remain" about the application of tribal sovereign immunity); *Licea v. Curacao Drydock Co., Inc.*, 870 F. Supp. 2d 1360, 1368 (S.D. Fla. 2012) (finding jurisdictional discovery appropriate to address claims of sovereign immunity). Jurisdictional discovery is warranted when the facts necessary to resolve the jurisdictional inquiry are unknown or disputed. *Viasystems, Inc. v. EBM-Pabst St. Georgen GMBH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011).

"[S]overeign immunity is a 'critical preliminary determination' of subject matter jurisdiction for which the parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue." *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1285, n.11 (3rd Cir. 1993) (quoting *Gould, Inc. v. Pechiney Ugine Kulhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)). The plaintiff is "generally entitled to a 'fair opportunity' to conduct jurisdictional discovery." *Donovan v. Liberty Mut. Ins. Co.*, Case No: 6:16-cv-157-Orl-22TBS, 2016 WL 890086 *2 (M.D. Fla. March 9, 2016), citing *Rose v. Cont'l Aktiengesellscharft (AG)*, No. Civ.A. 99-3794, 2001 WL 236738, at *4 (E.D. Pa., Mar. 2, 2001); *see also Gibbs v. Plain Green, LLC*, -F. Supp. 3d 518, 532 (E.D. Va. 2018) (granting motion for jurisdictional discovery of tribally affiliated payday lender, holding that "Plaintiffs' specific and substantive allegations against Defendants justify jurisdictional discovery to determine whether Defendants share in the Tribes' sovereign immunity.").

Jurisdictional discovery is warranted in this case, because Plaintiff has "alleged facts in [his] complaint, which if substantiated through discovery, could assist the Court in determining" the application of sovereign immunity and this Court's jurisdiction. *Furry*, 2011 WL 1303281 *3. Indeed, the Eastern District of Virginia has already reviewed the Defendants' arguments in this case, granted jurisdictional discovery, and denied Defendants' motions to dismiss. *Williams*, 329 F. Supp. 3d at 283.

The California Supreme Court decision in *In People ex rel. Owen v. Miami Nation Enters*., illustrates the importance of jurisdictional discovery in sovereign immunity cases involving tribe-affiliated payday loan companies. 211 Cal. Rptr. 3d 837, 386 P.3d 357 (Cal. 2016). Denying immunity to two tribe-created payday loan companies, the court "[took] into account both formal and functional considerations—in other words, not only the legal or organizational relationship between the tribe and the entity, but also the practical operation of the entity in relation to the tribe." *Id.* at 365. In this regard, the court noted that "the purpose factor considers the extent to which the entity actually promotes tribal self-governance; the control factor examines the degree

Page 7 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING
           SCHEDULE

to which the tribe actually, not just nominally, directs the entity's activities; and the financial relationship factor considers the degree to which the entity's liability could impact the tribe's revenue." *Id*. at 371. As the court recognized, "organizational arrangements on paper do not necessarily illuminate how businesses operate in practice." *Id*. at 375 (also noting that in determining whether business arrangements qualify for "arm of the tribe" immunity, "it is important to carefully examine how such arrangements function as a practical matter, lest we expand the application of tribal immunity beyond its established rationales and indeed beyond 'common sense'").

B. **Plaintiff Needs Specific Discovery to Supplement the Record**

Here, the documents requested are related to jurisdiction issues and fairly seek to test the factual assertions on which Defendants' Motions are based. (*See* Exhibits E and F to Scofield Decl.) An expedited discovery period of 90 days is reasonable to allow the parties to meet and confer on any objections that Defendants may raise as to specific requests and to allow Plaintiff to follow-up on any issues that may need further development. In particular, Defendants have named the custodians of their records and submitted affidavits from witnesses that may need to be deposed, including Brian McFadden, James Williams, Jr. and Michelle Hazen, and Plaintiff should be afforded an opportunity to test the witnesses' assertions and document production.

Plaintiff's discovery requests are limited to jurisdictional issues and focused on:

(1) who initiated conversations with the Tribes, details as to the Tribes' involvement in drafting and negotiating contracts with non-tribal entities, whether tribal members were informed or voted on the decision to start the lending enterprises, and similar information regarding the circumstances of Defendants' formation;

(2) the extent to which Defendants benefit the Tribes economically, including the number of jobs Defendants have created for tribe members, specific policies

in place to distribute revenue among tribe members, and which parties or individuals are most enriched by Defendants' lending practices;

(3) the Tribe's management and the degree of control the Tribe exercises over Defendants, including the practical operation of the entity in relation to the tribe;

(4) the extent to which the Tribe depends on Defendants for revenue to fund its governmental function, its support of tribal members, and its search for other economic development opportunities, as well as the extent to which the tribe may be liable to satisfy a judgment against Defendants.

(Exhibits E and F to Scofield Decl.) Such information is compelling grounds for jurisdictional discovery. *Gibbs*, 331 F. Supp. 3d at 532–33. "A more satisfactory showing regarding the actual workings of [the internet lender] and its financial relationship with the Tribe is necessary" to determine whether the Defendants share in the Tribe's sovereign immunity. *Id*. at 531, quoting *Finn*, 689 F. App'x at 610–11. Even from the face of the *Williams* opinion itself, there remain gaps in the evidence. *See Williams*, 329 F. Supp.3d at 281 ("Big Picture has not provided an exact breakdown of revenue allocation to different tribal services, so it is impossible to discern how the Tribe would be affected, if at all, if a judgment harmed Big Picture's operations."). The Eastern District of Virginia repeatedly has found that such jurisdictional discovery is warranted for a proper and due consideration of entities' claims of entitlement to sovereign immunity. *Gibbs*, 331 F. Supp. 3d at 532–33. So that this Court may have the benefit of a full factual record on which to decide this important issue, the same result is warranted here.

WHEREFORE, Plaintiff respectfully requests that the Court grant them leave to conduct jurisdictional discovery; deem the discovery requests (Exhibits E and F to Scofield Decl.) served with a deadline of 14 days after the Court rules on this Motion; allow 90 days for the completion of additional jurisdictional discovery, including depositions and third party discovery; set the

Page 9 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING SCHEDULE

deadline for Plaintiff's responses to Defendants' motions to dismiss for one month after the completion of jurisdictional discovery; and award such other relief as the Court may find just under the circumstances.

Dated: January 11, 2019    By: */s/ Michael A. Caddell*
    Michael A. Caddell)
    Email: mac@caddellchapman.com
    Cynthia B. Chapman
    Email: cbc@caddellchapman.com
    John B. Scofield, Jr.
    Email: jbs@caddellchapman.com
    Amy E. Tabor
    Email: aet@caddellchapman.com
    CADDELL & CHAPMAN
    628 East 9th Street
    Houston, TX 77007-1722
    Telephone: (713) 751-0400
    Facsimile: (713) 751-0906

    Steve D. Larson, OSB No. 863540
    Email: slarson@stollberne.com
    Steven C. Berman, OSB No. 951769
    Email: sberman@stollberne.com
    STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 227-1600
    Facsimile: (503) 227-6840

    *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This motion and supporting memorandum complies with the applicable word-count limitation under LR 10-6 and 26-3(b), because it contains 2,800 words and 9 pages, including headings, footnotes, and quotations, but excluding the caption, signature block, certificates of counsel, and exhibits.

Dated:  January 11, 2019

                             */s/ John B. Scofield, Jr.*
                              John B. Scofield, Jr.

## CERTIFICATE OF SERVICE

I certify that on January 11, 2019, I served a true and correct copy of the foregoing document on the following counsel of record via the Court's CM/ECF System at the addresses below:

| | |
|---|---|
| Jonathan P. Boughrum<br>Michael C. Witsch<br>Richard L. Scheff<br>ARMSTRONG TEASDALE, LLP<br>1500 Market Street<br>12th Floor, East Tower<br>Philadelphia, PA 19102<br>Telephone:  (484) 222-1316<br>Email: jboughrum@armstrongteasdale.com<br>       mwitsch@armstrongteasdale.com<br>       rlscheff@armstrongteasdale.com | Anna Marek Bruty<br>Justin A. Gray<br>ROSETTE, LLP<br>25344 Red Arrow Highway<br>Mattawan, MI 49071<br>Telephone: (269) 283-5005<br>Email:  abruty@rosettelaw.com<br>       jgray@rosettelaw.com |
| Joseph L. Franco<br>Kristin M. Asai<br>HOLLAND & KNIGHT, LLP<br>2300 US Bancorp Tower<br>111 SW Fifth Avenue<br>Portland, OR 97204<br>Telephone: (503) 243-2300<br>Email: joe.franco@hklaw.com<br>       kristin.asai@hklaw.com | David N. Anthony<br>Timothy St. George<br>TROUTMAN SANDERS, LLP<br>1001 Haxall Point<br>Richmond, VA 23219<br>Telephone: (804) 697-5410<br>Email: david.anthony@troutman.com<br>       tim.stgeorge@troutman.com |

*Attorneys for Defendant Matt Martorello*

Page 11 –   PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND BRIEFING
                SCHEDULE

Roman D. Hernandez
TROUTMAN SANDERS, LLP
1000 SW Main St.
Suite 1000
Portland, OR 97204
Telephone: (503)290-2327
Email: roman.hernandez@troutman.com

*Attorneys for Defendants Big Picture Loans, LLC and Ascension Technologies, LLC*

   */s/ John B. Scofield, Jr.*
   John B. Scofield, Jr.