Román D. Hernández, OSB #011730
Email: roman.hernandez@troutman.com
Emily A. Reber, OSB #185799
Email: emily.reber@troutman.com
David N. Anthony, *Pro Hac Vice*
Email: david.anthony@troutman.com
Timothy J. St. George, *Pro Hac Vice*
Email: tim.st.george@troutman.com
TROUTMAN SANDERS LLP
100 SW Main St., Suite 1000
Portland, OR  97204
Tel: 503.290.2400/Fax: 503.290.2405

Justin A. Gray, *Pro Hac Vice*
Email: jgray@rosettelaw.com
Anna M. Bruty, *Pro Hac Vice*
Email: abruty@rosettelaw.com
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443

Attorneys for Defendants
BIG PICTURE LOANS, LLC and
ASCENSION TECHNOLOGIES, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| RICHARD LEE SMITH, JR., individually and on behalf of persons similarly situated, | Case No. 3:18-CV-01651-AC |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| BIG PICTURE LOANS, LLC, MATT MARTORELLO, ASCENSION TECHNOLOGIES, LLC f/k/a BILLICOSE CAPITAL, LLC, | |
| Defendants. | |

Based upon the stipulation of the parties, by and through their undersigned counsel, IT IS HEREBY ORDERED as follows:

All documents, materials, testimony, and other information of any kind (collectively, "documents") designated "CONFIDENTIAL" and produced by any party, or produced by a non-party in response to a subpoena, or supplied for the purposes of any deposition, shall be subject to the following terms and conditions:

## I.    PROCEDURES AND DEFINITIONS

### A.    Designation of Confidential Documents.

The parties in this case, and any third parties that produce documents or supply testimony, may designate documents, testimony, and information as confidential, as specified below.  Such documents or information will be labeled "CONFIDENTIAL" to apprise others that the documents have been designated as confidential.  The parties will label documents "CONFIDENTIAL" only after a good faith determination that the document contains material that qualifies as: (1) a legitimate trade secret or other confidential or proprietary commercial information under Fed. R. Civ. P. 26(c)(7); (2) personal and confidential information exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other state or federal law; or (3) personal and confidential information of third parties, the unfettered disclosure of which might constitute an invasion of privacy.  The party shall designate each page of the document(s) with a stamp identifying it as "CONFIDENTIAL," if practical to do so.

### B.    Types and Categories of Documents Subject to this Order

Plaintiff and Defendants have requested the production of certain documents that opposing counsel has determined are "CONFIDENTIAL" because they contain trade secret or other confidential and proprietary commercial information under Fed. R. Civ. P. 26(c)(7) or other applicable law, medical information protected by HIPAA, and personal and confidential information of third parties, the unfettered disclosure of which would constitute an invasion of

privacy.    Additional categories of documents that may subject to this "CONFIDENTIAL" designation are:

1.    Defendants' proprietary internal policies;

2.    Personnel files or other employment documents regarding, in whole or in part, third-party employees or former employees of defendants;

3.    The addresses and phone numbers of third-party employees of defendant or potential witnesses;

4.    Plaintiff's medical records or the medical records of any other person; and

5.    Plaintiff's financial records or the financial records of any person, including consumer loan data.

The designation of additional categories of CONFIDENTIAL documents may be requested at a later time during this litigation by any party, in which case the parties agree to work in good faith to request that the Court revise and/or supplement this protective order.

**C.    Access to Confidential Documents.**

Except upon prior written consent of the party asserting CONFIDENTIAL treatment or upon further order of a court of competent jurisdiction, documents designated as CONFIDENTIAL shall be held in confidence and shall be used solely for the purposes of this litigation.  Access to CONFIDENTIAL documents shall be limited to:

1.    The Court, including any Court personnel assisting the Court, stenographers, or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

2.    Plaintiff, Defendants, and their counsel of record including their paralegal, clerical, secretarial staff, as well as any contract employees of counsel of record in this litigation;

3.    The officers, directors, or employees of a party participating in the prosecution, defense, settlement, or other disposition of this action;

4.      Mediators, consultants, experts or litigation support services, including outside copying and document management services, retained by a party for the purpose of assisting that party in this litigation;

5.      Potential witnesses, provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

6.      Any person who is an author, addressee, or recipient of, or who previously had access to, the CONFIDENTIAL information;

7.      Deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

8.      Any other person as to whom the party that designated the document or information as CONFIDENTIAL has consented to disclosure in advance and in writing;

9.      Any co-counsel that has filed an appearance in the litigation, and their employees; and

10.     Any other person designated by the Court.

**D.      Deposition Testimony.**

The parties may orally designate any portion of the deposition testimony and deposition exhibits as Confidential during the course of a deposition, in which case the court reporter shall mark the transcribed testimony and exhibits as CONFIDENTIAL, as applicable.  Parties and non-party deponents, by and through their counsel, within 21 days after receiving a deposition transcript, shall designate portions of, and exhibits to, a transcript as CONFIDENTIAL.  Unless otherwise agreed by the parties, until the expiration of this 21 day period, the entire deposition shall be treated as protected under the terms and conditions of this Protective Order.  Any challenge to the designation of deposition testimony or exhibit(s) as CONFIDENTIAL may be raised and will be resolved through the provisions of Section II.G. of this Protective Order.

**E.      Pretrial Use of "Confidential" Documents**

Whenever information designated as CONFIDENTIAL pursuant to this Protective Order

is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, and unless otherwise ordered by this Court, the designating party must exclude from the room any person, other than persons designated above, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

### F.    Consent to be Bound.

Any of the persons listed above shall be bound to use CONFIDENTIAL documents and the information contained therein solely for purposes of this litigation.  Before receiving, being shown, or using CONFIDENTIAL documents, the persons listed above shall be shown a copy of the Stipulated Protective Order, and shall agree in writing, or verbally, to be bound by this and all other terms contained herein.  Should any person refuse to consent to be bound by the terms of the Protective Order, disclosure of the CONFIDENTIAL documents shall not constitute a waiver of the protections of this Protective Order.

## II.    OTHER PROVISIONS

### G.    Challenges to the Designation of Documents as CONFIDENTIAL.

If any party challenges the designation of any documents or testimony as CONFIDENTIAL, that party shall notify, in writing, the party and/or third party designating the document(s) or testimony as CONFIDENTIAL of their intent to challenge the confidentiality designation, which notice shall specify the nature of such challenge.

The parties shall negotiate in good faith to resolve any dispute in this regard without resort to the Court.  The designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are not able to resolve such a dispute, the party asserting the designation of confidentiality may apply within 14 days after the conclusion of the negotiations to the Court by motion for appropriate relief; provided, however, that the protections under this Stipulated Protective Order shall continue to apply until such time as the Court has ruled to the contrary.  If the party asserting confidentiality of contested documents does not timely apply to the

Court to assert and maintain confidentiality, the contested documents will no longer be CONFIDENTIAL.  The party asserting the privilege that the document or testimony is CONFIDENTIAL shall have the burden of demonstrating to the satisfaction of the Court that public interest or the interest of justice clearly requires that the document or testimony remain protected as CONFIDENTIAL.  A challenge to any designation made hereunder may be made at any time during the pendency of this lawsuit.  If the Court finds  that either the designation of or challenge to confidentiality was made in bad faith, the Court may assess the prevailing party's reasonable attorney fees against the other party for the specific confidentiality designation/challenges.

**H.    Filing Documents Under Seal.**

If any of the documents provided pursuant to this Protective Order and marked CONFIDENTIAL need to be filed with the Court, they shall be filed under seal, subject to the following conditions.  If any party files under seal any document produced under this Protective Order, the party seeking to preserve the secrecy of any such document must make the showing required pursuant to Fed. R. Civ. P. 26 and *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003), within 10 calendar days of the filing of the document(s) or testimony under seal, in order to maintain the Protective Order as to such document.  Before seeking to maintain protection of documents filed with the Court, the party asserting confidentiality of the document(s) or testimony must also make a good-faith determination as to whether redaction is a viable alternative to complete nondisclosure.  Nothing contained in this Protective Order shall prejudice the right of any party to offer as evidence at trial CONFIDENTIAL documents, information, or material.

**I.    Inadvertent or Late Disclosure.**

If any party inadvertently produced or discloses any CONFIDENTIAL document without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order and shall forward

appropriately stamped copies of the items in questions. Within five days of the receipt of substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies or certify their destruction to the producing party.  The inadvertent disclosure shall not be deemed a waiver of confidentiality.

### J.    Inadvertent Production of Privileged or Otherwise Protected Material.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

When a producing party discovers that it did or may have produced privileged information, the producing party shall, within ten (10) business days of such discovery, request the return of such Privileged Information by sending by letter or email a written notification ("Clawback Notice") to the receiving party, which shall identify the documents or ESI in question.  Upon receipt of Clawback Notice, the Producing Party shall reproduce any identified document or ESI.

If a party disagrees with a claim of privilege set forth in a Clawback Notice, it may challenge the designation in the manner described in Section A.

### K.    Return of Documents.

Within sixty (60) days after the final disposition of this action, including all appeals, the parties shall assemble and return to each other all documentary materials protected by this Protective Order, including all copies, or certify the destruction of such materials and copies to the producing party.  In the event that the Court has jurisdiction over Defendants Big Picture Loans, LLC, and Ascension Technologies, LLC, counsel shall be entitled to retain archival copies of confidential documents as well as memoranda and pleadings embodying information derived from such CONFIDENTIAL documents to the extent reasonably necessary to preserve a file (with the

exception of pleadings, as defined by Fed. R. Civ. P. 7, and drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL as provided in this Order).

**L.    Application to Court.**

This Protective Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any CONFIDENTIAL document or to apply for an order modifying, expanding, or limiting this Protective Order in any respect.

**M.    Duration, Modification, and Application.**

The provisions of this Protective Order shall continue in effect unless and until modified by this Court in a future order (which is expressly contemplated by the terms of this Protective Order). However, nothing in this Protective Order shall be construed as preventing the parties who have designated their own documents as CONFIDENTIAL from voluntarily disclosing such documents if they so choose. This Protective Order shall apply to all parties and to all non-parties producing or receiving CONFIDENTIAL designated documents.

IT IS SO ORDERED:

Dated: _____, 2019

_____
HON.

IT IS SO STIPULATED:

SIGNATURES ON NEXT PAGE

Page 8- [PROPOSED] STIPULATED PROTECTIVE ORDER
38702900

Dated:  April 22, 2019
HOLLAND & KNIGHT, LLP

By:  */s/ Joseph Franco*
    Joseph Franco, Esq. OSB # 073913
    Email: joe.franco@hklaw.com
    Kristin Asai, OSB # 103286
    Email: kristin.asai@hklaw.com
    111 SW Fifth Avenue, Ste. 2300
    Portland, OR 97204
    Phone: 503-243-2300/Fax: 503-241-8014

    ARMSTRONG TEASDALE LLP
    Jonathan P. Boughrum, *Admitted Pro Hac*
    Email:
    jboughrum@armstrongeasdale.com
    Michael C. Witsch, *Admitted Pro Hac*
    Email: mwitsch@armstrongteasdale.com
    Richard L. Scheff, *Admitted Pro Hac*
    Email: rlscheff@armstrongteasdale.com
    1500 Market Street, 12th Floor, East
    Tower
    Philadelphia, PA 19102
    Phone: 484-222-1316/Fax: 215-569-8228

*Attorney for Defendant Matt Martorello*

STOLL STOLL BERNE LOKTING &
SCLACHTER P.C.

By:  */s/ Steve D. Larson*
    Steve D. Larson, Esq., OSB # 863540
    Email: slarson@stollberne.com
    Steven C. Berman, Esq., OSB # 951769
    Email: sberman@stollberne.com
    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Phone: 503-227-1600/Fax: 503-227-6840

    Michael A. Caddell. Esq.
    Email: mac@caddellchapman.com
    Cynthia B. Chapman, Esq.
    Email: cbc@caddellchapman.com
    John B. Scofield, Jr., Esq.
    Email: jbs@caddellchapman.com
    Amy E. Tabor, Esq.
    Email: aet@caddellchapman.com
    CADDELL & CHAPMAN
    628 East 9th Street
    Houston, TX 77007
    Phone: 713-751-0400/Fax: 713-751-0906

*Attorneys for Plaintiff, Richard Lee Smith, Jr.*

TROUTMAN SANDERS LLP

By:  */s/ Román D. Hernández*
    Román D. Hernández, OSB # 011730
    Email: roman.hernandez@troutman.com
    Emily A. Reber, OSB #185799
    Email: emily.reber@troutman.com
    David N. Anthony, *Pro Hac Vice Pending*
    Email: david.anthony@troutman.com
    Timothy St. George, *Pro Hac Vice Pending*
    Email: tim.st.george@troutman.com
    TROUTMAN SANDERS LLP
    100 SW Main Street, Suite 1000
    Portland, OR 97204
    Phone: (503) 290-2400/Fax: (503) 290-2405

    Justin A. Gray (*pro hac vice pending*)

Email: jgray@rosettelaw.com
Anna M. Bruty *(pro hac vice pending)*
Email: abruty@rosettelaw.com
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Phone: (269) 283-5005/Fax: (517) 913-6443

*Attorneys for Defendants Big Picture Loans,*
*LLC and Ascension Technologies, LLC*

## EXHIBIT A

## CONSENT TO PROTECTIVE ORDER

1.      I, _____, have read the foregoing Stipulated Protective Order dated _____, 2019, (the "Protective Order"), and agree to be bound by its terms with respect to any documents, material, or information designated or marked CONFIDENTIAL that are furnished to me as set forth in the Protective Order.

2.      I further agree (i) not to disclose to anyone any documents, material, or information marked CONFIDENTIAL other than as set forth in the Protective order; (ii) not to make any copies of any documents, materials, or information marked CONFIDENTIAL furnished to me except for use in accordance with the Protective Order; and (iii) not to use any documents or information produced or provided to me in connection with this litigation for any purposes other than those prosecuting and/or defending this action, as set forth in the Protective Order.

3.      I hereby consent to the jurisdiction of the United States District Court for District of Oregon with regard to any proceedings to enforce the terms of the Protective Order.


Signature _____     Date_____