IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| **RICHARD LEE SMITH, JR.,** individually and on behalf of persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**MATT MARTORELLO** and **EVENTIDE CREDIT ACQUISITIONS, LLC**,<br><br>        Defendants. | Case No. 3:18-cv-1651-AC<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Richard Lee Smith, Jr. (Smith) bring this putative class action against

Defendants Matt Martorello (Martorello) and Eventide Credit Acquisitions, LLC (Eventide).

Before the Court is Martorello's Motion to Dismiss Smith's First Amended Complaint (FAC)

pursuant to Rule 19 of the Federal Rules of Civil Procedure, in which Martorello contends that

the action should be dismissed for failure to join indispensable parties. On September 15, 2021,

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this

case, recommending that the Court deny Martorello's motion to dismiss.

PAGE 1 – ORDER

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The factual background of this case has been described numerous times, including in Judge Acosta's Findings and Recommendations (ECF 165) and this Court's Order of March 16, 2021 (ECF 156). As relevant to the pending motion to dismiss, Smith alleges that Martorello orchestrated a lending scheme that charged Smith and other Oregonians usurious rates for short-term loans through online lender Big Picture, LLC (Big Picture). Smith alleges that Big Picture was created and controlled by the Lac Vieux Desert Band of Lake Superior Chippewa Indians, a Native American tribe (the Tribe). According to Smith, after experiencing legal trouble in other

PAGE 2 – ORDER

states, Martorello facilitated the Tribe's purchase of Ascension Technologies, LLC (Ascension),

from Defendant Eventide, and Ascension then took over the daily operations of Big Picture.

Smith alleges that Martorello continues to control and largely own Eventide. Martorello is not a

member of the Tribe, and Eventide is not a tribal entity.

Smith originally brought this action against Big Picture, Ascension, and Martorello.

ECF 1. Smith's claims against Big Picture and Ascension (the Settled Parties) and the Tribe

(together, the Tribal Entities) were resolved by a settlement agreement reached in related

litigation in the Eastern District of Virginia. The Settlement Agreement did not resolve Smith's

claims against Martorello. Pursuant to that Settlement Agreement, Smith dismissed all claims

against the Settled Parties, ECF 96, and added Eventide as a defendant, ECF 100. In the pending

motion to dismiss, Defendants Martorello and Eventide contend that Smith's claims against them

cannot proceed because the Tribal Entities are indispensable under Rule 19 of the Federal Rules

of Civil Procedure.

On September 15, 2021, Judge Acosta recommended that this Court deny Defendants'

motion to dismiss. ECF 165. Judge Acosta found that the Tribal Entities are not "necessary

parties" within the meaning of Rule 19 both because the Court can afford complete relief among

the existing parties and because Defendants have not shown an effect on the Tribal Entities'

interests. Martorello timely filed an objection to the Findings and Recommendation. ECF 168.

The Court has reviewed *de novo* Judge Acosta's thorough and well-reasoned Findings

and Recommendation, as well as Martorello's objections and Smith's response. The Court agrees

with Judge Acosta that under Rule 19(a)(1)(A) the Court can accord complete relief among

existing parties in the absence of the Tribal Entities and that Defendants have not demonstrated

that the Tribal Entities are necessary parties under to Rule 19(a)(1)(B).

PAGE 3 – ORDER

Martorello's objection that the Settled Parties are indispensable is unavailing because, as argued by Smith, the text of Rule 19(a)(1)(B) shows that continuing the action in the absence of the Settled Parties would not impair or impede Settled Parties' interests or risk multiple or inconsistent obligations. By entering into the Settlement Agreement and stipulating to their dismissal, the Settled Parties cannot be said to "claim[] an interest in the subject" of this action, as Rule 19(a)(1)(B) requires.

The Ninth Circuit has considered the applicability of Rule 19(a)(1)(B) to settled parties in *U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901 (9th Cir. 1994). In that case, the plaintiff filed claims against defendants Rose and Miller. *Id.* at 903-04. The plaintiff and Miller agreed to a stipulated dismissal of Miller, after which Rose moved to dismiss the complaint for failure to join Miller as an indispensable party. *Id.* at 904. The district court denied the motion, and the Ninth Circuit affirmed, describing that "Miller's voluntary dismissal indicates that Miller himself did not feel that it was necessarily in his interest to remain a party in this action." *Id.* at 908. The Ninth Circuit noted that "[i]mpairment may be minimized if the absent party is adequately represented in the suit," *id.*, and that there was "no indication that Rose sought to retain Miller as a party at the time of Miller's dismissal," *id.* at 908 n.6.

The facts in *Morongo* are similar to those in this case. Here, the Settled Parties stipulated to dismissal, resolving Smith's claims against them, and there is no indication that Martorello sought to retain them as parties despite the Settlement Agreement, until filing this motion to dismiss. As the Ninth Circuit put it, the "best evidence" that the continuation of this action "would not impair or impede" the Settled Parties' "ability to protect [their] interests" is that they stipulated to dismissal, indicating that they themselves "did not feel that it was necessarily in [their] interest to remain a party in this action." *Id.* at 908.

PAGE 4 – ORDER

Martorello maintains that continuing this action in their absence infringes on the Tribe's

sovereign immunity, despite the fact that the Tribal Entities negotiated a Settlement Agreement

and the Settled Parties stipulated to their dismissal from this action. Martorello's objections

appear to rely almost entirely on the argument that Judge Acosta's analysis was incomplete

because he did not address the Tribe's interests in this litigation. Judge Acosta specifically noted,

however, that the only Tribe-affiliated parties to this lawsuit—Big Picture and Ascension—filed

motions to dismiss early in this litigation based on sovereign immunity, but ultimately opted to

negotiate their dismissal through the Settlement Agreement. The Court agrees with Judge Acosta

that it is not for Martorello to decide what infringes on a Tribe's sovereign immunity, when the

Tribe and its affiliated entities have not elected to rely on that immunity. The Court has

considered Martorello's remaining objections and finds them unpersuasive.

The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 165). The

Court DENIES Martorello's Motion to Dismiss (ECF 149).

**IT IS SO ORDERED**.

DATED this 14th day of December, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge