IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE SMITH, JR.,** individually and on behalf of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MATT MARTORELLO** and **EVENTIDE CREDIT ACQUISITIONS, LLC**,<br><br>Defendants. | Case No. 3:18-cv-1651-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeffrey Armistead issued his Findings and Recommendation in this case on June 8, 2022.[1] ECF 206. Judge Armistead recommended that this Court grant the motion of Plaintiff Richard Lee Smith, Jr (Smith) to file an amended complaint (ECF 199), grant Smith's motion to correct his motion for class certification

---

[1] As explained below, when a magistrate judge issues a ruling on a nondispostive motion, the ruling should be call an "Opinion and Order" or simply an "Order," rather than a "Finding and Recommendation." *Cf. Schedler v. FieldTurf USA, INC.*, 2017 WL 3412205, at *1 (D. Or. Aug. 9, 2017). Because a motion to amend a complaint and a motion to correct a motion for class certification are nondispositive motions, the Court construes Judge Armistead's Findings and Recommendation as an Opinion and Order. Although the parties did not discuss this distinction in their objection and response, it implicates the applicable standard of review.

PAGE 1 – ORDER

(ECF 197), and stay the deadlines to respond and reply to the motion for class certification pending this Court's review of the Findings and Recommendation. ECF 206 at 12. Defendants Eventide Credit Acquisitions LLC (Eventide) and Matt Martorello (Martorello) timely filed objections, to which Smith responded.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1).

The distinction between a dispositive motion and a nondispositive matter is significant for the standard of review. When a party timely objects to a magistrate judge's findings and recommendation concerning a dispositive motion, the district judge must undertake a *de novo* review of those portions of the magistrate judge's proposed findings and recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a nondispositive matter, however, the district judge may reject that determination only when it has been shown that the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means that the Court "will evaluate the Magistrate Judge's factual findings to determine if any are clearly erroneous" and "will evaluate the Magistrate Judge's legal conclusions to determine if any are contrary to law, which involves a *de novo* review of those issues." *Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Or. 2019); *see also id.* at 1141-42.

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

The Court concludes that Judge Armistead's factual findings are not clearly erroneous and, after *de novo* review, Judge Armistead's legal conclusions are not contrary to law. Accordingly, the Court OVERRULES Defendants' objections and AFFIRMS Judge Armistead's nondispositive Opinion and Order (titled "Findings and Recommendation"). ECF 206. The Court GRANTS both Smith's motion to file a Second Amended Class Action Complaint (ECF 199) and his motion to file a First Amended Motion for Class Certification (ECF 197).

**IT IS SO ORDERED.**

DATED this 12th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge